[No. 6191.]

### VANDER WEYDEN ET AL. V. COORS.

1. CHATTEL MORTGAGE—*Secret Lien*—A secret lien created by agreement between the owner of chattels and a third person, the possession remaining with the owner, is without effect as against one who, without notice thereof, accepts a chattel mortgage from such owner. The mortgage being duly recorded is preferred to the lien holder or those claiming under him— (299).

2. ——*Secret Lien Substituted*—The substitution of a secret sale or pledge of chattels for a mortgage thereof is an abandonment of the mortgage—(299, 300).

*Error to Teller District Court.*—HON. LOUIS W. CUNNINGHAM, Judge.

Mr. H. H. HINDRY, for plaintiffs in error.

Mr. TULLY SCOTT, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

In an action for replevin of certain saloon fixtures, a judgment was rendered in the court below in favor of the plaintiff Coors, who is the defendant in error here. It is undisputed that in June, 1904, one Levan, who was the owner of the property, executed a chattel mortgage thereon to Coors to run for two years, and this mortgage was not recorded until January 10, 1905.

Starting with these undisputed facts, if the evidence on behalf of the defendants alone, without regard to the

evidence of plaintiff, be considered, the judgment must be affirmed. The evidence of the defendants tended to show that Friedman & Company obtained a mortgage on the fixtures from one O'Connor in 1902, due in October, 1904. O'Connor had purchased the property from Levan, and, being unable to meet the payments, turned it back. In October, 1904, the O'Connor mortgage became due, and Friedman gave Levan the choice of executing a new mortgage or a bill of sale. There was some evidence on behalf of the defendants that, by word of mouth, there was a sale and delivery of possession of the fixtures from Levan to Friedman, though no actual change was made. The real contract of the parties was a written bill of sale, put in evidence by the defendants. It is clear from the bill of sale itself that it was only intended as security, and it distinctly provided that Levan was to have the use of the property. Friedman did not know of the Coors mortgage. After this, the situation continued the same, with Levan in possession as before.

In May, 1905, after the recordation of the Coors mortgage in January, Friedman and Levan sold the fixtures to Vander Weyden and Lemon, the defendants, and the latter claimed title to the property from Friedman and Levan. There was no evidence that Coors knew anything about the bill of sale from Levan to Friedman. Under this state of facts, it is plain that the only right that Friedman had in the property was a secret lien between himself and Levan, good, perhaps, between those two, but without any force as against third parties without notice. The O'Connor mortgage became due in October, 1904, and was abandoned as security, and the secret lien afforded by the bill of sale substituted in lieu thereof. To sustain the contention of defendants, this bill of sale would have to be regarded the same as a mortgage taken

and recorded by Friedman before Coors recorded his mortgage. This can not be done. It is clear, under the facts,· that if Coors had taken and recorded his mortgage on the 10th day of January, 1905, it would have been good as against Friedman and the defendants claiming through him. It is equally as clear that the mortgage taken in June, 1904, to run for two years, and recorded on the 10th day of January, 1905, was good as against Friedman and the defendants, under the circumstances existing. The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Gabbert and Mr. Justice Hill· concur.